UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § § § § § | |
| **v.** | | NO. 1:23-CR-00196-RCL-01 |
| **FREDERIC FIOL** | | |

### DEFENDANT FREDERIC FIOL'S SENTENCING MEMORANDUM

TO THE HONORABLE ROYCE C. LAMBERTH, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

Frederic Fiol, by and through his counsel, hereby respectfully requests that this Court impose a prison sentence of 45 days or less, for his misdemeanor conduct related to the events of January 6, 2021. As The Probation Department has explained, Mr. Fiol's misdemeanor offenses are not even covered by the Guidelines, so there is no proposed Guidelines range, but the statutory maximum available prison sentence is six months. Mr. Fiol's conduct and complete lack of criminal history, however, makes him more like the majority of misdemeanants involved in January 6, who have received non-carceral sentences.

Mr. Fiol pleaded guilty to two misdemeanor counts of disorderly conduct and parading, in violation of 40 U.S.C. §§ 5104(e)(2)(D), and (G). *See* Doc. No. 25. He accepts responsibility for and acknowledges the wrongfulness of his actions on January 6, 2021. He travelled with his friend, Matthew Mazzocco—who in fact has employed Mr. Fiol in the past—from San Antonio to Washington D.C., to attend a rally. *See* PSR ¶ 14. He maintains that he was by-and-large a follower, who was convinced by his friend to go to Washington and to eventually go to the Capitol building. *See* PSR ¶ 21. Of course, he takes responsibility and has pleaded guilty, but he was not in any way an organizer, a violent participant, or otherwise among the most culpable participants

in the events of January 6. It is not alleged that he vandalized the Capitol building, that he was among the initial entrants, or that he committed any acts of violence or even aggressive acts towards police or others. To the contrary, he was reportedly inside of the Capitol building for 15 minutes before he willingly left as instructed. *See* Doc. No. 26. Mr. Fiol is remorseful, has no criminal history, and is unlikely to ever engage in other criminal conduct in the future, so he believes a term of 45 days or less is appropriate.

Congress has directed courts to impose sentences "sufficient but not greater than necessary" to comply with the four statutorily defined purposes in 18 U.S.C. § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

To achieve these purposes, courts are directed to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the available sentences; a policy favoring uniformity in sentences for defendants who commit similar crimes; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Mr. Fiol's history and characteristics support a minimum sentence. *See* 18 U.S.C. § 3553(a)(1). He was born in 1982, in a poor community in Caracas, Venezuela. *See* PSR ¶ 32. His upbring was challenging as both of his parents died while he was quite young. *See* PSR ¶ 32. When he was 12, following his mother's death in his arms, he moved to San Antonio, Texas, to live with his sister Valentina. *See* PSR ¶ 34. He has mostly lived in San Antonio since that time and became a naturalized citizen in 2001. *See* PSR ¶ 34. He graduated from high school in 2000, and attended college afterwards, but was unable to finish for financial reasons. *See* PSR ¶ 40. He

was working as a mortgage loan officer in 2021, but had to leave the job because of the arrest of his boss (Mr. Mazzocco) for the instant offense. *See* PSR ¶ 43. Since that time, he has continued to work, however, having returned to a prior job at a car wash in San Antonio. *See* PSR ¶¶ 42-43. He has no criminal history. *See* PSR ¶¶ 23-24. Mr. Fiol is simply a hard-working man who had a challenging upbringing, and made a terrible mistake on January 6—an aberration in an otherwise law-abiding and productive life. His history does not suggest a need for incarceration.

The nature and circumstances of Mr. Fiol's offense also support a sentence of 45 days or less. *See* 18 U.S.C. § 3553(a)(1). He acknowledges his regrettable conduct on January 6, and recognizes that the broader January 6 incident has rightly merited serious penalties for the most culpable offenders. The Government has also elsewhere proposed a series of metrics for assessing the relative culpability of January 6 defendants. *See, e.g.*, *United States v. Thomas Munn*, No. 1:21-cr-3474-BAH, Doc. No. 102 at 15 (D.D.C. Sept. 28, 2022). These include: (1) whether, when, and how the defendant entered the Capitol building (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) defendant's reaction to acts of violence or destruction; (5) whether, during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from police officers; and (9) whether the defendant demonstrated sincere remorse and contrition. Of course, these metrics are non-exhaustive, and reflect the views of the Government, but they support a non-carceral sentence for Mr. Fiol.

Mr. Fiol is responsible for his actions, but was a follower, and not among the most culpable participants on January 6. He did not break into the Capitol building; he spent a very limited amount of time inside and did not reach the Senate floor like more culpable offenders; he did not

encourage or participate in violence; he did not vandalize the Capitol; he did not destroy evidence; he willingly left and was by all accounts cooperative; and he is genuinely contrite about his behavior that day. Because he committed no actual violence or damage, did not organize the events of the day, and did not spend a length amount of time in the Capitol building, Mr. Fiol is considerably less culpable than the vast majority of those convicted in connection with the events of January 6.

As part of this Court's consideration of Mr. Fiol's relative culpability, and its need to avoid sentencing disparities, it should consider other January 6 sentencing practices. *See* 18 U.S.C. § 3553(a)(6). As of February 20, 2024, counsel has calculated that approximately 385 defendants had been sentenced for § 5104(e)(2) convictions, with the majority (roughly 240) receiving no jail time (including probation and home confinement sentences) and approximately 145 receiving some jail time (most of which ranged from 10 to 60 days). *See* DEPARTMENT OF JUSTICE, Table of Sentences Handed Down in Capitol Breach Cases, available at: https://www.justice.gov/usao-dc/capitol-breach-cases (last accessed Mar. 5, 2024). Those that received jail time appear to have had aggravating circumstances, criminal history, or some other factor not present in Mr. Fiol's case. Indeed, Mr. Mazzucco was plainly more culpable than Mr. Fiol, and in fact was the reason he came to Washington D.C. in the first place and received 45 days incarceration. *See generally United States v. Mazzocco*, 1:21-cr-0054-TSC (D.D.C).  Giving Mr. Fiol the same, or any prison sentence, would incorrectly indicate that he is the among the most culpable of § 5104(e)(2) offenders, despite the mitigating circumstances identified above. A sentence of probation will adequately address the § 3553 factors and distinguish Mr. Fiol from more culpable defendants who received jail time.

For the foregoing reasons, Mr. Fiol respectfully submits that a sentence of probation, as recommended by the U.S. Probation Office is sufficient, but not greater than necessary, to comply with § 3553.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/S/
MANUEL ACOSTA-RIVERA
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Frederic Fiol*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2024, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF, which will send notification of such filing to the following:

AUSA Erik Boylan
DOJ-USAO
U.S. Attorney's Office, D.C.
601 D Street NW
Washington DC 20001

/S/
MANUEL ACOSTA-RIVERA
*Attorney for Frederic Fiol*